# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 726 | **DATE** | 2/22/2001 |
| **CASE TITLE** | Jayme Daniel Rosenbach, III vs. Ann Nordstrom, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Davis, Sanders, and Leeberg's motion for summary judgment is granted in part and denied in part. Aguirre and Armstrong's motion for summary is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 28 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 98 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 01 FEB 26 PM 4:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED
FEB 22 2001
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
FEB 28 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAYME DANIEL ROSENBACH, III,

    Plaintiff,

v.

ANN NORDSTROM, Administrator
of Health Care, et al,

    Defendants.

Case No. 98 C 0726

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions for summary judgment. Defendants Ulric N. Davis ("Davis"), S. Martin Sanders ("Sanders"), and David Leeberg ("Leeberg") move for summary judgment on the grounds that Rosenbach cannot sustain a § 1983 claim for cruel and unusual punishment and that Rosenbach's claim for assault and battery is barred by the doctrine of collateral estoppel. Defendants Gustavo Aguirre ("Aguirre") and David Armstrong ("Armstrong") move for summary judgment on the ground that Rosenbach cannot sustain his due process claim.

### BACKGROUND

The following facts are taken from the parties' Local Rule 56.1 Statements of Undisputed Facts. Rosenbach is incarcerated at the DuPage County Jail (the "Jail"). Davis, Sanders and Leeberg are correctional officers at the Jail, and Aguirre and Armstrong are nurses at the Jail. On January 6, 1998, Rosenbach was being returned from court to the Jail, and he became

engaged in a verbal altercation with Davis. The events of the altercation are disputed. Rosenbach claims that Davis began taunting and poking him before they got into the elevator and then the altercation became physical. Davis and the other Defendants claim that Rosenbach got into an elevator with Davis and Sanders and then the altercation turned physical while inside the elevator. Inside the elevator, Rosenbach struck Davis in the eye, and then Sanders became involved in the physical altercation.

The parties greatly dispute the extent of the altercation. According to Rosenbach, Davis threw him against the wall of the elevator and hit him in the head with his fist where he held a large key ring. Rosenbach further claims that Sanders punched him and kicked him in the testicles. When the elevator door opened, Rosenbach fell out with Sanders on top of him. Rosenbach claims that he was on the ground on his stomach and that Sanders placed him in a choke hold that almost caused him to lose consciousness. He claims that Davis kicked him in the mouth and repeatedly pinned his legs backwards. Further, either Leeberg or another guard hit him over the head with a can of mace or pepper spray while he was on the ground. It was not until a supervising officer came and restored order that he was placed in handcuffs and returned to his cell.

Not surprisingly, Officers Davis, Sanders, and Leeberg paint a very different picture of the altercation. They claim that an altercation broke out between Davis and Rosenbach that necessitated

Sanders' involvement. Davis claims that Rosenbach struck him two or three times. When the elevator door opened, Davis and Sanders claim that they were still trying to subdue Rosenbach, and Leeberg provided assistance. Leeberg claims that he did not even have pepper spray. Rosenbach was eventually handcuffed and taken to his cell.

After the altercation, Rosenbach was returned to his cell. Aguirre came to Rosenbach's cell to provide medical treatment. It is undisputed that Rosenbach initially refused medical treatment from Aguirre and told Aguirre to go away. A short time later, Rosenbach requested medical treatment, and both Aguirre and Armstrong came to see Rosenbach. Rosenbach claims that Nurse Aguirre and Armstrong gave him only a cursory exam, provided no treatment for his visible injuries, and did not inquire into possible serious latent injuries. Rosenbach claims that Nurse Armstrong said he would bring ice and painkillers and schedule Rosenbach for the next available doctor's appointment, but Rosenbach never received the ice or painkillers and was never taken to the doctor. He also claims his later requests for a nurse went unanswered, and that he never received any further attention for his medical injuries.

Aguirre claims that when he and Armstrong went to Rosenbach's cell after he requested medical attention, it was Armstrong who performed the examination. Armstrong claims that he gave Rosenbach the opportunity to describe his complaints and that he examined

Rosenbach's testicles, mouth, forehead, and wrists during the examination. According to Armstrong, his examination of Rosenbach was appropriate and reasonable.

Shortly after the physical altercation Rosenbach took a nap, and when he awoke the pain in his testicles was gone. In the days after the incident he suffered from a headache and from back pain. Rosenbach testified that after about two or three days after the incident, his pain, the cuts, the bruises, and the bumps on his head had gone away.

Rosenbach asserts that as a result of the altercation with the Officer Defendants, he sustained severe physical injuries to his forehead, mouth, and testicles and emotional damage. He alleges that Davis, Sanders, and Leeberg inflicted cruel and unusual punishment on him and deprived him of due process of law in violation of the Fifth, Eight, and Fourteenth Amendments and 42 U.S.C. § 1983 and used unlawful force constituting unlawful assault and battery. In addition, he alleges that Aguirre and Armstrong were deliberately indifferent to his serious medical needs in violation of the Fifth, Eight, and Fourteenth Amendments and 42 U.S.C. § 1983.

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The standard governing summary judgment is clear: '[I]f no rational jury could, on the evidence presented in the summary judgment proceeding, bring in a verdict for the party opposing summary judgment . . . then summary judgment must be granted.'" *Oates v. Discovery Zone*, 116 F.3d 1161, 1175 (7th Cir. 1997) (citing *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 660 (7th Cir. 1991)). In determining whether a genuine issue of material fact exists, a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir. 1990). However, a party opposing a properly supported motion for summary judgment cannot rest upon mere allegations or denials, but must present affirmative evidence in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

**Defendants Davis, Sanders, and Leeberg's Motion**

Davis argues that Rosenbach cannot sustain a § 1983 claim against him because Rosenbach has not complied with *Heck v. Humphrey*, 114, S. Ct. 2364 (1994), and proved that his conviction was reversed or otherwise invalidated. Davis argues that allowing Rosenbach to proceed with this case could result in a judgment in Rosenbach's favor, thereby invalidating his conviction. In

response, Rosenbach argues that Davis applies *Heck* too broadly and that it does not apply to this situation because Rosenbach's criminal conviction would not necessarily be invalidated by a finding in his favor in this suit.

In *Heck*, the Supreme Court stated that "in order to recover damages for . . . harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" invalidated. The district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487, 114 S. Ct. at 2372. Courts typically look at the specific jury findings that formed the basis of a guilty verdict to determine whether the success of a § 1983 claim would necessarily invalidate the conviction. *See DuFour-Dowell, et al. v. Cogger, et al.*, 969 F. Supp. 1107, 1117 (N.D. Ill. 1997).

Here, the jury found Rosenbach guilty of the lesser aggravated battery charge, that he made physical contact of a provoking nature, but not guilty of the greater aggravated battery charge, that he caused bodily harm. The jury's general verdict in Rosenbach's conviction was based on four findings required by the statute: (1) that Rosenbach knowingly made physical contact of a provoking nature with Davis; (2) that Rosenbach knew Davis was a correctional institution employee; (3) that Rosenbach knew that Davis was engaged in the execution of official duties; and (4) that

Rosenbach was not justified in using the force which he used. *See* 720 Ill. Comp. Stat. 5/12-3 and 5/12-4.

Several courts in this jurisdiction have addressed the similar issue of whether *Heck* bars a plaintiff's cause of action for excessive force when the plaintiff is convicted of resisting arrest. These courts have stated that a plaintiff's conviction on a resisting arrest charge would not necessarily preclude a lawsuit under § 1983 for excessive force and that even while resisting arrest, an arrestee can be subjected to excessive force by the officers. *See, e.g., DuFour-Dowell*, 969 F. Supp. at 117-18 (*Heck* did not bar § 1983 claim); *Crooms v. P.O. Mercado,* 955 F. Supp. 985, 991 (N.D. Ill. 1997)(*Heck* did bar § 1983 claim); *Bemben v. Hunt,* No. 93 C 509, 1995 WL 27223, *3 (N.D. Ill. Jan. 23, 1995)(*Heck* did bar § 1983 claim).

The issue in this case is slightly different. Here, the issue is whether a finding of excessive force to subdue an inmate necessarily invalidates the inmate's conviction for battery. While the Court did not find any Seventh Circuit cases addressing this issue, other circuit courts have addressed this issue. In *Smithart v. Towery*, the Ninth Circuit held that the plaintiff's guilty plea to an assault with a deadly weapon charge did not bar his § 1983 claim for excessive force where the defendants used far greater force than was required for his arrest. 79 F.3d 951, 952 (9th Cir. 1996). In contrast, the Fifth Circuit held that a conviction for battery of an officer did preclude a § 1983 claim because under

Louisiana law self-defense is a justification defense to the crime of battery of an officer. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). The justification defense requires a showing that the use of force against the officer was reasonable and necessary to prevent an offense against himself. Because the question of whether the police applied reasonable force depended on the plaintiff's resistance to the arrest, *Heck* barred the Plaintiff's claim. *Id.*

In this case, it is entirely possible to find both that Rosenbach committed battery and that Davis' use of force in restraining Rosenbach after the battery was excessive. Rosenbach testified that after the officers already had him on the ground outside of the elevator, Davis kicked him in the head and bent his legs backwards as far as they could go up against his back. Under these circumstances, a finding that excessive force was used to subdue Rosenbach is not necessarily inconsistent with Rosenbach's conviction for battery. Rosenbach, however, is not permitted to argue the invalidity of his conviction, and he may not argue that the officers were not permitted to use substantial force to subdue him after the battery. The question is whether the force used was applied in a good faith effort to restore discipline or maliciously and sadistically to cause harm. *See Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078 (1986).

Next, Sanders argues that Rosenbach cannot sustain a § 1983 claim against him because he was acting under lawful authority,

citing the Illinois statute for assault. See 720 ILCS 5/12-1(a) ("A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery.") In response, Rosenbach argues that his § 1983 claim is not based on that Illinois statute and that Sanders' argument is based on false assumptions. As previously stated, when prison officials stand accused of using excessive force, the inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Even if Sanders entered the situation to assist Davis, a jury could reasonably believe that Sanders' acts exceeded the bounds of his lawful authority and constitute cruel and unusual punishment. Sanders' motion is denied.

Leeberg argues that Rosenbach has not submitted any evidence to support his claim that he struck Rosenbach on the head with a can of pepper spray, which is the only allegation against Leeberg. Leeberg cites Rosenbach's deposition testimony where Rosenbach testified that while someone hit him in the head with a can of mace, his eyes were closed at that time. Furthermore, Leeberg testified that he did not even have a can of mace or pepper spray, but that another officer, Sergeant Richsteig who is not a defendant in this case, had pepper spray. Sergeant Richsteig testified that he did not strike Rosenbach with the spray, but that he had a can of pepper spray, and he put it in the proximity of Rosenbach's face and threatened to use it.

In response, Rosenbach acknowledges that it might have been Sergeant Richsteig who had the pepper spray, but that Leeberg violated his duty to protect Rosenbach from the other officers. This new allegation against Leeberg is not in the complaint and has never been presented before. Discovery is closed and the parties are mere weeks away from trial. Where a plaintiff seeks to add a new theory for the first time in response to a summary judgment motion, courts have consistently refused to consider such new arguments. *Zakaras v. United Airlines, Inc.*, 121 F. Supp.2d 1196, *1213 (N.D. Ill. 2000), *citing*, *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997) (stressing that it "is too late in the day to be adding new claims" in response to a summary judgment motion). As Rosenbach testified that his eyes were closed and he could not see who was holding the mace and he has offered no other evidence to support his claim against Leeberg, the Court grants Leeberg's motion for summary judgment.

Davis and Sanders further moved for summary judgment on Rosenbach's claim that the unlawful use of force by Davis and Sanders constitutes unlawful assault and battery on the grounds that it is barred by the doctrine of collateral estoppel. They argue that since a jury found Rosenbach guilty of battery, Rosenbach cannot demonstrate here that Davis and Sanders are liable for assault and battery against him.

Collateral estoppel is properly invoked when the issue decided in the prior adjudication is identical with the one presented in

the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *DuPage Forklift Svc., Inc. v. Material Handling Svcs., Inc.*, No. 88116, 2001 WL 77013, *5 (Ill. Jan. 29, 2001). Further, the Court takes judicial notice of Rosenbach's conviction and appeal. In Rosenbach's criminal trial, the jury found that Rosenbach was guilty of aggravated battery, meaning he was guilty of unjustified provoking conduct with Davis. Rosenbach is precluded from relitigating whether he was guilty of unjustified provoking conduct with Davis. While the jury heard Davis and Sanders' testimony about the incident, the jury did not, however, decide whether Davis and Sanders' conduct constituted assault and battery. As the jury did not decide an identical issue, collateral estoppel is not appropriate here.

### Defendants Aguirre and Armstrong's Motion

As a preliminary matter, Rosenbach argues that Aguirre and Armstrong's motion for summary judgment should be denied because they failed to comply with Local Rule 56.1. Local Rule 56.1 requires that a statement of undisputed facts must be submitted consisting of "short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Rosenbach

argues that instead of submitting a statement of uncontested material facts, Aguirre and Armstrong have instead submitted excerpts, quotes, and summaries from deposition transcripts. Aguirre and Armstrong's submission lacks the proper title, and it certainly is not a model 56.1 Statement of Undisputed Facts. Their submission does contain short numbered paragraphs with specific references to the record, and it is, therefore, sufficient.

Aguirre argues that he was not deliberately indifferent to Rosenbach's medical needs because it is undisputed that Rosenbach sent him away when he first came to see Rosenbach. He also claims that the undisputed evidence demonstrates that when he and Armstrong went back to Rosenbach's cell, only Armstrong examined Rosenbach. Further, Aguirre and Armstrong argue that Rosenbach has not set forth any evidence demonstrating that he suffered "substantial harm" as a result of the delay in receiving medical care. Rosenbach argues that medical care was not delayed, but that it was not provided. He argues that he had visible injuries that the nurses should have seen, and that there are factual disputes as to the extent of his injuries that preclude summary judgment.

Under the Eighth Amendment, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291 (1976). "The Due Process Clause of the Fourteenth Amendment protects pretrial detainees under the same standard as the Eighth Amendment." *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th

Cir. 2000). For a case involving medical personnel, the plaintiff must demonstrate an objectively serious medical need. The medical personnel must (1) know of the medical need and (2) disregard that need. *Chavez v. Cady*, 207 F.3d 901, 905 (7th Cir. 2000). If a medical need is obvious or if it falls within the nurse's area of expertise, the court can conclude that the nurse knew of the medical need. *Id.*

Only deliberate indifference to a serious injury or signs of serious injury amounts to a constitutional violation. Deliberate indifference "is an onerous standard for the plaintiff." *Zentmyer*, 220 F.3d at 812. A prison's medical staff that refuses to dispense "bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not by its refusal violate the Constitution." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). The fact that a condition does not produce "objective" symptoms, however, does not entitle the medical staff to ignore it. *Id.* at 916-17.

In *Cooper*, the issue for the jury was "whether the plaintiffs were in sufficient pain to entitle them to pain medication within the first 48 hours" after a beating by prison guards. *Id.* at 917. The Seventh Circuit explained that to require a threshold showing of an objective injury, like a bruised and battered physical appearance, "would confer immunity from claims of deliberate indifference on sadistic guards, since it is possible to inflict substantial and prolonged pain without leaving any 'objective'

traces on the body of the victim." *Id.* Thus, injured prisoners are not required to have a medical expert testify as a witness. *Cooper* is distinguishable from the present case for several reasons, however, because the defendants were the prison guards who were allegedly responsible for the beating and because the plaintiff was given no medical care at all for forty-eight hours.

Here, the undisputed evidence demonstrates that Aguirre initially attempted to treat Rosenbach, and Rosenbach, "out of anger," initially refused medical treatment. (Rosenbach Dep., at 172, 182). A short time later when Rosenbach requested medical treatment, both Armstrong and Aguirre responded in just a couple of minutes. Rosenbach testified that Armstrong asked him about his injuries and examined his mouth, testicles, and head. After Rosenbach took a short nap, the pain in his testicles was gone. Rosenbach also testified that Armstrong never brought him ice and pain medication and that his further requests for medical care were ignored. In the couple of days after the incident he developed a headache and backache. He also testified that after about two or three days after the incident, his pain, the cuts, the bruises, and the bumps on his head had gone away.

Viewing the evidence in the light most favorable to Rosenbach, the Court finds that whether Rosenbach had a serious injury or not, he has failed to set forth evidence to demonstrate that Aguirre and Armstrong were deliberately indifferent to his medical needs. Rosenbach received immediate medical attention. He may not have

received the medical treatment that he preferred, but he has failed to set forth evidence that would allow a reasonable jury to find that Aguirre and Armstrong were deliberately indifferent to his medical needs. Therefore, Aguirre and Armstrong's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, Davis, Sanders, and Leeberg's motion for summary judgment is granted in part and denied in part. Aguirre and Armstrong's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: February 22, 2001